IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMARA M. MATTISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 21-1434-CFC |
| | ) |
| AKUMIN, Formerly Known as | ) |
| Delaware Open MRI, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

**I.     INTRODUCTION**

Plaintiff Tamara M. Mattison ("Plaintiff") commenced this action on October 8, 2021.  (D.I. 2)   She appears *pro se* and was denied leave to proceed *in forma pauperis* on October 14, 2021.   (D.I. 4)   On October 21, 2021, Plaintiff filed a letter/motion for   reconsideration.   (D.I. 6)

**II.     DISCUSSION**

Plaintiff "appeals" the order denying her leave to proceed *in forma pauperis*. (D.I. 6)   She states that she has not had any income in 12 months, let alone the $78,000 that was referred to in the order.   (Id.)   She also states that she and her husband live together "but they are separate".   (*Id.*)

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."   *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).   "A proper Rule 59(e) motion . . . must rely

1

on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Plaintiff was denied leave to proceed *in forma pauperis* based upon her answers and the combined income of Plaintiff and her spouse (*i.e.*, $129,600). A review of the order indicates that the Order incorrectly stated Plaintiff's annual income as $78,000. The correct amount is $6,500; the annual amount of unemployment compensation that Plaintiff received. The combined annual income of Plaintiff and her spouse totals $58,100. Plaintiff does not qualify for *in forma pauperis* status when taking into consideration the combined income and the value of their home - $178,000. (*See* D.I. 1)

2

Upon review of the filings in the case, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's October 14, 2021 Order. Plaintiff must pay the $402 filing fee in full. See 28 U.S.C. § 1914.

### III.    CONCLUSION

For the above reasons, the Court will deny the letter/motion for reconsideration. (D.I. 6)

An appropriate order will be entered.

_____
Chief Judge

November ___, 2021
Wilmington, Delaware